UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

FILED BY _____ D.C.

SEP 29 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

Jean Lucas
    Plaintiff.

Case No. 16-60790

-v-

Bayview Loan Servicing LLC
    Defendants.

## RESPONSE BY PLAINTIFF IN OPPOSITION TO "MOTION TO STRIKE DEMAND FOR JURY TRIAL"

Plaintiff Jean Lucas, hereby files this Response in Opposition to Motion to Strike Demand for Jury Trial filed herein by Defendant Bayview Loan Servicing, pursuant to Fed.R.Civ.P. 12(f), and state that the Motion to Strike Demand for Jury Trial should be denied because Plaintiffs in actions for violations of the federal Fair Credit Reporting Act (FCRA), and Florida Consumer Collection Practices Act (FCCPA) have a non-waivable constitutional right to a jury trial in such actions for the reasons reflected herein below.

## MEMORANDUM OF LAW

### I. BACKROUND

Plaintiff Jean Lucas filed a Complaint in the above-captioned matter for multiple violations of the Fair Credit Reporting Act (FCRA) and Florida Consumer Collection Practices Act (FCCPA) against Defendant. The Complaint makes timely demand for trial by jury. The named known Defendant, which is represented by single counsel, in response have filed, a Motion to Strike Demand for Jury Trial premised upon a contractual waiver of jury trial contained in a mortgage allegedly signed by Plaintiff Jean Lucas (the mortgage having

been referred to in the Complaint). However, the Motion to Strike Demand for Jury Trial must fail for several reasons, as reflected herein below.

## II. STANDARD FOR EVALUATING MOTION TO STRIKE

The standard for evaluating a motion to strike is similar to that used in the case of motions to dismiss. That is, "In evaluating a motion to strike, the Court must treat all well-pleaded facts as admitted and cannot consider matters beyond the pleadings". Seibel v. Society Lease, Inc., 969 F.Supp. 713 (M.D. Fla. 1997). In the instant case, however, the question is one of statutory interpretation and application of constitutional precepts surrounding the statutory rights granted under the FDCPA; the normal and traditional constitutional right to trial by jury; and the Congressional purpose underlying the passage of the FDCPA.

## III. ARGUMENT

**THE MOTION TO STRIKE DEMAND FOR JURY TRIAL SHOULD BE DENIED BECAUSE (1) THE DEFENDANT HAVE NOT PROVIDED ANY EVIDENCE THAT THEY HAVE ANY RIGHTS UNDER THE MORTGAGE OR CORRESPONDING NOTE OR ANY AGREEMENTS WITH PLAINTIFF WITH REGARDS TO THE MORTGAGE REFERRED TO BY THE DEFENDANT; THUS THERE IS NO WAIVER AS TO THE RIGHT TO A JURY TRIAL; (2) EVEN IF THE DEFENDANT HAD ANY RIGHTS UNDER THE MORTGAGE, THE CAUSES OF ACTION UNDER THE FCRA AND FCCPA DO NOT ARISE OUT OF AND ARE NOT "RELATED TO" THE MORTGAGE**

REFERRED TO IN THE COMPLAINT; AND (3) PLAINTIFF IN ACTIONS UNDER THE FCRA AND FCCPA HAVE AN ABSOLUTE, NON-WAIVABLE RIGHT TO TRIAL BY JURY.

(1) The Eleventh Circuit Court of Appeals ruled that Plaintiffs bringing claims under the FDCPA are entitled to jury trials in such actions. Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir. 1982). The Court there noted that "[I]f the claim involves rights and remedies of the sort traditionally enforced in an action at law, the Seventh Amendment requires that the right to jury trial be preserved." Id., at 832. Furthermore, the court stated that "The thrust of the Fair Debt Collection Practices Act is the prevention of harassment and abuse as well as false, deceptive or misleading practices. It clearly falls into a traditional tort area analogous to a number of traditional torts… We conclude that the Act's reference to an allowance of damages by the Court must be construed to embody the right of trial by jury. This construction serves to avoid serious Constitutional questions under the Seventh Amendment regarding the remedial scheme of the Act". Id., at 834.

(2) Even if Plaintiff had a signed agreement with the Defendant regarding the Mortgage referenced in the Complaint and in the Motion to Strike Demand for Jury Trial, the Motion would still be unsuccessful. This is because this cause of action under the FCCPA does not "arise out of" the mortgage; nor can it be said to be "in any way related" to the mortgage or the note for purposes of the FCRA and FCCPA. The claim under the FCRA and FCCPA, similar to all claims under the statute, is not brought because of a contractual dispute regarding the matters contained in the mortgage or the note accompanying it. Rather, this action aims at the behavior of those who were attempting to collect money from Plaintiff Jean Lucas, and who in the process abused him and violated multiple sections of the FCRA and FCCPA. This comment is similar to that made by the Court in the case of Azar v. Hayter, 874 F.Supp. 1314 (N.D. Fla. 1995), wherein the Court, at 1317, stated, "Plaintiff's FDCPA claim have nothing to do with whether the underlying

debt is valid. An FDCPA claims concerns the method of transaction creating the debt...

Further, "Congress...has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope. S.Rep. No. 382, 95th Cong., 1st Sess. 4 (1977)" Broadnax v Green Credit Service, 106 F.3d. 400 (6th Cir. 1997) This standard applies to all consumer protection statutes and has been recognized by the Eleventh Circuit, which has ruled that such statutes are, "...remedial in nature and therefore must be construed liberally in order to best serve Congress' intent." Ellis v.General Motors Acceptance Corporation, 160 F.3d 703, 707 (11th Cir. 1998). Under the circumstances, it is difficult to square such broad remedial purpose with a consumer's waiver of the right to trial by jury, when the cause of action does not even arise out of the contractual document referenced by the Defendant.

(3) Finally, and perhaps most importantly, it is clear that where a statute is required to be liberally construed in order to effectuate its remedial purposes, it would violate clear congressional intent to allow least sophisticated consumers wronged under the provisions of the FDCPA to waive as fundamental a right as trial by jury. Although it is clear that, "...contractual provisions waiving trial by jury in civil actions are neither illegal nor contrary to public policy. McCarthy v. Wynne, 126 F.2d 620 (10th Cir, 1942), cert. denied 317 U.S. 640" Smith-Johnson Motor Corporation v Hoffman Motors Corporation 411 F.Supp.670(E.D. Va. 1975), the Eleventh Circuit, like all other circuits, has adopted a "least sophisticated consumer" standard with respect to the FDCPA. Jeter v. Credit Bureau, Inc., 760 F.2nd 1168 (11th Cir. 1985), Because of that standard and the liberal construction required as a consumer law crafted as a broad remedial statute, it has been ruled that consumers cannot waive the venue provisions of the FDCPA under 15 USC Sec 1692i. Blakemore v. Pekay, 895 F.Supp. 972, 983(N.D. Ill. 1995). Nor is a consumer required, "to invoke his rights under the FDCPA during the course of the debt collection claim or risk waiving those rights altogether." Spears v. Brennan, 745 N.E. 2d 862 (Ind. App. 2001). Nor does a debtor's communication to a creditor constitute an

admission of liability or a waiver of the protections of the FDCPA. Johnson v. Eaton, 873 F.Supp. 1019 (M.D. La., 1995) The above rulings that consumers, judged under the "least sophisticated" standard, may not waive protections under the broad remedial schema mandated by Congress in the FDCPA is not surprising. The statute, after all, is a strict liability law which imposes liability on erring debt collectors regardless of intent or knowledge. "The FDCPA is a strict liability statute." Ferguson v. Credit Management, 140 F.Supp. 2d 12931297 (M.D. Fla. 2001). Accord, Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996); Randolph v.IMBS. Inc., 368 F.3d 726, 730 (7th Cir. 2004. Thus the inevitable conclusion is that, given the type of statute the FDCPA is, and given the broad remedial purpose of the statute, as well as the least sophisticated consumer standard, consumers aggrieved by violations of the FDCPA need not, indeed, may not, waive their rights under the statute, including, perforce, their right to a trial by jury as guaranteed by the Seventh Amendment to the United States Constitution.

### IV. CONCLUSION

For the above reasons as stated in this Memorandum of Law, the Motion to Strike Demand for Jury Trial filed herein by the Defendants discussed above should be denied.

**WHEREFORE**, Plaintiff respectfully requests that Defendant's Motion to Strike Demand for Jury Trial be denied.

**CERTIFICATE OF SERVICE**

Stacey F. Soloff (by mail)

14 Northeast First Avenue-Penthouse

Miami, Florida 33132


Respectfully submitted,

*[signature]*

Jean Lucas