UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60790-CIV-DIMITROULEAS

JEAN LUCAS,

    Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND FROM THE COMPLAINT

THIS CAUSE is before the Court on Defendant Bayview Loan Servicing, LLC's Motion to Strike Plaintiff's Jury Trial Demand [DE 29], filed on August 22, 2016. The Court has carefully considered the Motion [DE 29], *pro se* Plaintiff Jean Lucas' Response [DE 34], Defendant's Reply [DE 35], and is otherwise fully advised in the premises.

The Court agrees with Defendant that the jury waiver language in Paragraph 25 of the Mortgage[1] is sufficiently broad enough to include all the claims contained in the Amended Complaint. *See* [DE 25]. The Mortgage expressly provides at Paragraph 25 as follows:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

*See* [DE 29] at p. 19.

The alleged violations of the Florida Consumer Collection Practices Act (the "FCCPA"), and the Fair Credit Reporting Act (the "FCRA") were allegedly committed in connection with

---

[1] On or about August 4, 2006 Plaintiff signed a mortgage in favor of American Brokers Conduit (the "Mortgage"). *See* [DE 29] at pp. 6-29.

1

Defendant Bayview's actions relating to servicing the Mortgage and therefore arise out of or relate to the Mortgage as contemplated by said language. *See, e.g., Belin v. Litton Loan Servicing, LP*, 2006 WL 2061340, at *2 (M.D. Fla. July 17, 2006) (interpreting an identical jury waiver provision, and holding that "[t]he Court rejects [plaintiff's] argument that his FDCPA and FCCPA claims are not in any way related to the mortgage, and thus not within the scope of the jury trial waiver provision, since his claims arise from collection activities for amounts due under the mortgage and note that he executed."). Additionally, as the assignee of the Mortgage[2], Bayview is entitled to enforce the jury waiver contained in the Mortgage. *See, e.g., Belin*, 2006 WL 2061340, at *1.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 29] is **GRANTED**;

2. Plaintiff's demand for jury trial is hereby stricken from the Amended Complaint.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida this 12th day of October, 2016.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[2] *See* Assignment of Mortgage from AHM SV, Inc., f/k/a American Home Mortgage Servicing, Inc., f/k/a Columbia National Incorporated by its attorney in fact Homeward Residential, Inc., f/k/a American Home Mortgage Servicing, Inc. at c/o Ocwen Loan Servicing, LLC to Bayview Loan Servicing, LLC recorded on July 1, 2016 in the Public Records of Broward County, Instrument #113788957. (available at https://officialrecords.broward.org/oncoreV2/showdetails.aspx?id=59912625&rn=0&pi=0&ref=search) (last visited Oct. 12, 2016). A district court may take judicial notice of the contents of relevant public records. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999); *see also JAWHBS, LLC v. Arevalo*, 2016 WL 4142498, at *7 (S.D. Fla. Aug. 4, 2016) ("documents in the public record are 'not subject to reasonable dispute [as] they [are] capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned'") (citations omitted).

CASE NO. 16-60790-CIV-DIMITROULEAS

Copies provided to:
Counsel of record

Jean Lucas
1020 Tennessee Avenue
Ft Lauderdale, FL 33312